John R. Habashy, Esq. (SBN 236708)
*john@lexiconlaw.com*
**LEXICON LAW, PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107
Electronic Service: *eservice@lexiconlaw.com*

Attorneys for Plaintiff JANINA STIGER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANINA STIGER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GATE GOURMET, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-03100-RFL<br><br>Hon. Rita F. Lin<br><br>**JOINT STIPULATION AND ORDER TO CONTINUE ALL CASE DEADLINES AND TRIAL DATE; DECLARATION OF JOHN R. HABASHY IN SUPPORT**<br><br>[Civil L.R. 6-2, 7-12]<br><br>Complaint Filed: February 26, 2026<br>Removal Filed: April 10, 2026<br>Trial Date: |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff JANINA STIGER ("Plaintiff") and Defendant GATE GOURMET, INC. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and jointly request that the Court continue all case deadlines and the trial date, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rules 6-2 and 7-12. In support of this request, the Parties state as follows:

## RECITALS

1. On February 26, 2026, Plaintiff filed her Complaint in the Superior Court of California, County of San Mateo, Case No. 26-CIV-01436, alleging claims for pregnancy discrimination, harassment, retaliation, failure to accommodate, failure to engage in the interactive process, violation of the Pregnancy Disability Leave Law, race discrimination and harassment, wrongful termination, and related claims arising from her employment with Defendant.

2. On April 10, 2026, Defendant timely removed the action to this Court following service of the Complaint on Defendant on March 11, 2026. Defendant has answered the Complaint.

3. On July 15, 2026, the Court set case management deadlines and trial date identified in the table below (ECF No. 21).

4. The Parties have diligently pursued discovery. On September 14, 2026, Defendant served its Interrogatories, Set One; its Requests for Admission, Set One; and its Requests for Production, Set One. On October 22, 2026, Plaintiff served her First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents on Defendant.

5. Substantial discovery remains to be completed. Plaintiff's position is that the written discovery calls for electronically stored information from eight document custodians, including text messages, which will require the Parties to meet and confer regarding custodians, search terms, and the form of production consistent with this District's Guidelines for the Discovery of Electronically Stored Information. The Parties anticipate that Defendant will take the deposition of Plaintiff, and Plaintiff states that it intended to take the deposition of Defendant's designee under Federal Rule of Civil Procedure 30(b)(6), and at least eight percipient witnesses identified in the pleadings, several of whom may be former employees whose current contact information must first be obtained. The Parties also anticipate subpoenaing records from non-parties, including Plaintiff's health care providers, the California

Employment Development Department, and Plaintiff's labor union, before completing expert discovery on economic and emotional distress damages.

6. The Parties cannot reasonably complete this discovery, participate meaningfully in alternative dispute resolution, and prepare dispositive motions under the current schedule despite their diligence. A continuance of approximately 180 days will allow the Parties to complete discovery in an orderly sequence, may facilitate early resolution, and will conserve the resources of the Parties and the Court.

The Parties have not previously requested or obtained any modification of the case schedule, whether by stipulation or Court order.

8. This request is made in good faith and not for purposes of delay. No party will be prejudiced by the requested continuance.

**STIPULATION**

NOW, THEREFORE, the Parties, through their counsel of record, hereby STIPULATE and AGREE, subject to the Court's approval, that all case deadlines and the trial date be continued as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| | | |
| Last Day to Notice Depositions | December 11, 2026 | June 9, 2027 |
| Further Case Management Statement | December 11, 2026 | June 9, 2027 |
| Last day to complete ADR | January 22, 2027 | July 21, 2027 |
| Close of fact discovery | February 5, 2027 | August 4, 2027 |
| Opening expert disclosures | February 26, 2027 | August 25, 2027 |
| Rebuttal expert disclosures | March 26, 2027 | September 22, 2027 |
| Close of expert discovery | April 16, 2027 | October 13, 2027 |
| Deadline to File Dispositive Motions | May 11, 2027 | November 8, 2027 |

| Event | Current Date | Proposed Date |
|---|---|---|
| Last day to hear dispositive motions | June 22, 2027 | December 20, 2027 |
| Final pretrial conference | August 31, 2027 | February 28, 2028 |
| Trial | September 27, 2027 | March 20, 2028 |

All other deadlines not specifically listed above that are calculated from the dates above shall be continued accordingly.

**IT IS SO STIPULATED.**

Dated: November 15, 2026

LEXICON LAW, PC

By: /s/ John R. Habashy
John R. Habashy, Esq.
Attorneys for Plaintiff
JANINA STIGER

Dated: November 15, 2026

HOLLAND & KNIGHT LLP

By: /s/ Stephen E. Baumann II
Stephen E. Baumann II
Attorney for Defendant
GATE GOURMET, INC.

**ATTESTATION OF CONCURRENCE**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court, if so ordered, or for inspection upon request by a party.

/s/ John R. Habashy
John R. Habashy, Esq.

**ORDER**

PURSUANT TO STIPULATION, and good cause appearing under Federal Rule of Civil Procedure 16(b)(4), the Court GRANTS the Parties' Joint Stipulation to Continue All Case Deadlines and Trial Date. The case schedule is modified as follows:

| **Event** | **Current Date** | **Proposed Date** |
|---|---|---|
| | | |
| Last Day to Notice Depositions | December 11, 2026 | June 9, 2027 |
| Further Case Management Statement | December 11, 2026 | June 9, 2027 |
| Last day to complete ADR | January 22, 2027 | July 21, 2027 |
| Close of fact discovery | February 5, 2027 | August 4, 2027 |
| Opening expert disclosures | February 26, 2027 | August 25, 2027 |
| Rebuttal expert disclosures | March 26, 2027 | September 22, 2027 |
| Close of expert discovery | April 16, 2027 | October 13, 2027 |
| Deadline to File Dispositive Motions | May 11, 2027 | November 8, 2027 |
| Last day to hear dispositive motions | June 22, 2027 | December 20, 2027 |
| Final pretrial conference | August 31, 2027 | February 28, 2028 |
| Trial | September 27, 2027 | March 20, 2028 |

All other deadlines not specifically listed above that are calculated from the dates above are continued accordingly.

///

///

///

///

///

///

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 11/20/2026

Hon. Rita F. Lin
United States District Judge

**DECLARATION OF JOHN R. HABASHY**

I, John R. Habashy, declare as follows:

1. I am an attorney licensed to practice in the State of California and admitted to practice before this Court. I am an attorney with Lexicon Law, PC, counsel of record for Plaintiff Janina Stiger in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I submit this declaration pursuant to Civil Local Rule 6-2(a) in support of the Parties' Joint Stipulation to Continue All Case Deadlines and Trial Date.

On October 22, 2026, my office served Plaintiff's First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents on Defendant.

3. After documents are produced, Plaintiff intends to depose Defendant's designee under Federal Rule of Civil Procedure 30(b)(6) and at least eight percipient witnesses identified in the pleadings, including Plaintiff's former supervisors and Defendant's human resources personnel. Some of these witnesses may no longer be employed by Defendant, and their current contact information must first be obtained. The Parties also anticipate subpoenaing records from non-parties, including Plaintiff's health care providers, the California Employment Development Department, and Plaintiff's labor union, and conducting expert discovery on economic and emotional distress damages.

4. In my professional judgment, this discovery cannot reasonably be completed, and the Parties cannot meaningfully participate in alternative dispute resolution or prepare dispositive motions, under the current schedule. The requested continuance of approximately 180 days will permit the Parties to complete discovery in an orderly sequence and may facilitate an early resolution.

5. <u>Previous time modifications (Civil L.R. 6-2(a)(2)).</u> [There have been no previous modifications of the case schedule in this action, whether by stipulation or Court order.]

6. Effect on the case schedule (Civil L.R. 6-2(a)(3)). The requested modification would continue each deadline and the trial date by approximately 180 days, as set forth in the

table in the Joint Stipulation. The continuance would not affect any other matter currently on the Court's calendar.

Executed on November 18, 2026, at Los Angeles, California.

/s/ John R. Habashy
John R. Habashy, Esq.